### In re SEEBECK'S ESTATE.

### In re TIENKEN, Appellant.

(Supreme Court, General Term, Second Department.  December 12, 1892.)

Application by Anna M. Tienken to compel Anna Seebeck, sole surviving executrix and trustee of John H. Seebeck, deceased, to pay over to applicant, individually, or as executrix of Henry M. Tienken, deceased, surplus income which the said Henry M. Tienken would have been entitled to if living.

For former appeals, see 17 N. Y. Supp. 676.

Theo. N. Melvin, for appellant.
William D. Veeder and George F. Martens, for respondents.
John E. Bullwinkel, for executrix.
Robert A. Morrison, special guardian.

PRATT, J.  The question here sought to be raised as to the construction of the ninteenth clause of will of John H. Seebeck, deceased, as modified by the third clause of the codicil thereto, has been decided by this general term, and must be regarded conclusive until overruled or modified by the court of appeals.

As to the second question, whether the share of the income due Henry M. Tienken at his death shall be charged with its proportionate share of the taxes on the realty, we think the decision of the surrogate is right.  See In re Babcock, 115 N. Y. 450, 22 N. E. Rep. 263, and cases there cited.  Decree affirmed.

---

### PIERCE v. PIERCE.

(Supreme Court, General Term, Second Department.  December 12, 1892.)

Action by Viola Pierce against George Pierce.
Strahan & McClung, for appellant.
Schlosser & Wood, for respondent.

DYKMAN, J.  This action was commenced by a wife against her husband for a separation on the ground of abandonment and cruelty.  The abandonment was proved upon the trial, and the trial judge rendered judgment for the plaintiff.  The charge of cruelty was the commencement of an action by the husband against the wife for an absolute divorce for adultery.  Upon the trial of this action there was an effort to prove the adultery, but it failed.  There was no defense to the action, and the judgment should be affirmed, with costs.

---

### In re NELSON'S WILL.

(Supreme Court, General Term, Second Department.  December 12, 1892.)

Appeal from surrogate's court, Dutchess county.
Application for probate of the last will and testament of Homer A. Nelson, deceased.  Charles Nelson, a brother and heir at law of testator, interposed a contest.  After a decree of the surrogate admitting the will to probate had been affirmed at general term of the supreme court on appeal, (16 N. Y. Supp. 690,) John Nelson, another brother of testator, petitioned the surrogate to vacate the decree.  The petition was denied, and petitioner appeals.  Affirmed.

G. A. C. Barnett, for appellant.
Frank B. Lown, (John Hackett and H. M. Taylor, of counsel,) for respondents.

DYKMAN, J.  A careful consideration of the case shows that there is no material difference between the testimony in this case and that which was before us upon the former appeal concerning this same will.  The order should therefore be affirmed, with $10 costs and disbursements.